UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENSENDRO LAGUERRE,

              Plaintiff,

-against-

RELATED MANAGEMENT COMPANY,

              Defendant.

25-CV-5594 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

    Plaintiff Lensendro Laguerre, who is appearing *pro se*, brings this action asserting claims of breach of contract against Defendant Related Management Company. By order dated October 8, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who resides in Norwalk, Connecticut, brings this action against Related Management Company, which he alleges has its main office in New York, New York. The following allegations are drawn from the complaint.[1] On June 10, 2025, Plaintiff "entered into a contract by disposing an application/security from myself to Related Management for MIMA apartment 44M." (ECF 1, at 1.) Along with this "security," Plaintiff provided a "tender/note with accord satisfaction to the transaction as performance to the contract." (*Id.*) Plaintiff alleges that

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

he "also extended my power of attorney to the extent that such was required to perform instructions within the tender payment." (*Id.*)

Plaintiff alleges that Defendant "refuses to carry out its fiduciary duties for me and has refused to carry out the according satisfaction within the tender payment despite the fact that they are in receipt of multiple notices." (*Id.*) Plaintiff maintains that, as a result of Defendant's actions, he was "deprived of the benefits of the sale." (*Id.*)

Plaintiff seeks "specific performance" of the contract or restitution in the amount of $554,976. (*Id.*)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**A.     Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff states that he is bringing a "breach of contract" claim under a federal statute, 15 U.S.C. § 77b(a)(3). That statute, however, merely defines the terms "sale" or "sell" as they are used in the Securities Act of 1933. It does not create a federal cause of action. Furthermore, as the Untied States District Court for the District of Connecticut has held in dismissing a similar action brought by Plaintiff in that court, Plaintiff's "assertion characterizing his application for credit as a sale of a security has no arguable basis in law." *Laguerre v. Bank of Am., N.A.*, No. 3:25-CV-0937, Dkt. 8 (D. Ct. July 15, 2025). Because Plaintiff's claims do not arise under the laws, treaties, or Constitution of the United States, the Court lacks federal question jurisdiction of this action.

**B.     Diversity of citizenship jurisdiction**

Plaintiff appears to be attempting to assert state law claims for breach of contract. Plaintiff, however, does not allege facts demonstrating that the Court has diversity jurisdiction to consider his state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis.*

*Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). For purposes of diversity jurisdiction, a limited partnership is deemed to be a citizen of each State of which its general and limited partners are citizens.[2] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Handelsman v. Bedford Vill. Assocs. Ltd. Partnership*, 213 F.3d 48, 52 (2000)

In addition, to establish diversity jurisdiction, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by a plaintiff will control if it the claim of value made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages

---

[2] Because a limited liability company is not a corporation, the rule for determining the citizenship of a corporation is inapplicable to determining the citizenship of a limited liability company. *See Ali v. Am. Univ. of Antigua, Inc.*, No. 1:25-CV-2065 (LTS), 2025 WL 897043, at *4 (S.D.N.Y. Mar. 24, 2025).

to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses."). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet [his] burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 1:18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, No. 18-CV-7965 (RA), 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Here, Plaintiff alleges that he is a resident of the State of Connecticut. He alleges that Defendant "do[es] business within the state of NY" and has its "main office" in New York County. (ECF 1, at 1.) However, public records maintained by the New York Secretary of State indicate that Defendant is a limited partnership.[3] As such, it takes on the citizenship of each of its partners. *See Carden*, 494 U.S. at 195-96; Plaintiff does not identify the citizenship of each of the

---

[3] The Court may take judicial notice of online records maintained by the New York Secretary of State. *See Sell Below Cost USA LLC v. Blue Island Holding Grp. (US) Inc.*, No. 19-CV-6095, 2021 WL 1394284, at *1 n.1 (E.D.N.Y. Feb. 9, 2021) ("This Court may take judicial notice of the information available on a Secretary of State's website because the information is readily available and its accuracy 'cannot be reasonably questioned.'" (quoting Fed. R. Evid. 201(b)(2))); *MPC Franchise, LLC v. Tarantino*, 19 F. Supp. 3d 456, 463 (W.D.N.Y. 2014), *aff'd*, 826 F.3d 653 (2d. Cir. 2016)

partners that make up the limited partnership. He therefore does not allege sufficient facts demonstrating that the parties this action are diverse.

Furthermore, Plaintiff seeks performance of the "contract" or restitution in the amount of $554,976. While Plaintiff states that this is the amount "of the application and the 3 instruments tendered" (ECF 1, at 1), it is not clear from the complaint how Plaintiff derived this amount or whether it is recoverable in any breach of contract claim based on his factual allegations.

The Court therefore dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to replead her state law breach of contract claims in an amended complaint alleging facts demonstrating that the Court has diversity of citizenship jurisdiction of those claims.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to demonstrate that this court has diversity of citizenship jurisdiction to consider his breach of contract claim, the Court grants Plaintiff 30 days' leave to amend his complaint to allege facts demonstrating complete diversity of the parties and that his claims are worth more than the $75,000 jurisdiction threshold.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 23, 2025
         New York, New York

                                        _____/s/ Louis L. Stanton_____
                                              LOUIS L. STANTON
                                                  U.S.D.J.