UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Lensendro Laguerre

v

25-CV-5594 (LLS)

Related Management Company

## AMENDED COMPLAINT

1.      This is an action for breach of contract under the Securities Act of 1933, [48 Stat. 74]15 U.S.C. 77b. [see corresponding footnote 1 (CFN 1)]

2.      The parties include myself, an individual residing in Norwalk, and Related Management Company doing business within the state of NY, with its main office at 30 Hudson yards floor 73 New York, NY 10001.

3.      This court has jurisdiction pursuant to 15 U.S.C. 77b(a)(3) with the amount in question being over $75,000 and the parties being from different states and due to the fact that the acts which gave rise to this claim took place within the state of New York. [see corresponding footnote 2 (CFN2)]

4.      On the 10th of June of 2025, I entered into a contract by disposing an application/ security from myself to Related Management for MIMA apartment 44M.

5.      Along with such security, accompanied a tender/note with accord satisfaction to the transaction as performance to the contract. [see exhibits 1 - 3.11

6.      Furthermore, I also extended my power of attorney to the extent that such was required to perform the instructions within the tender payment.[ see exhibit 3]

7.      The defendant refuses to carry out fiduciary duties for me and has refused to carry out the according satisfaction within the tender payment despite the fact that they are in receipt of multiple notices. [see exhibits 3 - 5.1]

8.      As a direct and proximate result of the defendant's action, I was deprived of the benefits of the sale, which is the apartment which I bargained for. [see corresponding footnote (CFN 3)]

WHEREFORE, I hereby request from the court and demand from the defendant:

a.      Specific performance to the contract.

b.      or Restitution in the amount of $554,976, which is the combined amount of the application and the 3 instruments tendered [138,744 x4] [see exhibits 3-5.1].

Upon Information and belief I verify all herein
to be true!

Respectfully
submitted

Loguerre Lewsedro
26 Brad St apt 4
Norwalk CT
06851
LLEWSENDRO@gmail.com
203-433-2141

corresponding footnotes
to the
Amended complaint                25-CV-5594 (LLS)

Line 1: Bringing this action under the securities Act of 1933 is
proper because where a state common-Law cause of
action conflicts with a federal Statute, the federal
statute controls. As the supreme court held:
"when a State statute, administrative rule, or common-law
cause of action conflicts with a federal statute, it
is axiomatic that the State Law is without
effect" Geier V Am. Honda Motor co.,
529 US. 861, 873 (2000)

[CFN1]

Line 3: Under 28 U.S.c this action is proper in the District court
because as stated in Bayshore Union Free School District
V Kain, 485 F. 3d 730, 734-35 (2d civ. 2007) "a
Plaintiffs right to relief necessarily depend on
resolution of a substansial [Federal] question of
Federal Law", and that question is (1) whether or
not the disposition of a security took place [?],
which the act says constitutes a Sale.

[cFN2]

(2) Also another question is whether the securities
act of 1933 overides the State common-law
cause of Action for Breach of contract
and thus render [Such] the common-Law
cause of Action without effect?

Line 8: As Stated in Cippollone V Liggett Group, Inc.,

[FN 3] 505 US 504 516 (1992) "Congress intent may be explicitly stated in the statutes Language: Congress intent is clear for they stated "any security given or delivered with, [or as a bon]...any purchase of ~~secri~~ securities or any such thing shall be conclusively presumed to have been sold for Value" [15 USC 776 (a)(3)]

The instruments given/tendered/disposed fall within the statutory language of the act; as the Supreme Court made clear in U.S v Gonzalez 520 U.S 1 (1997) "Read naturally the word 'any' has an expansive meaning." One such security is the SSN which was affixed to the aplication. Under 15 U.S.C 77 b (a)(1) the term "security" includes any evidence of indebtness." The word "any" is not limiting - it encompasses all [~~terms~~] evidences of indebtedness.

According to 20 C.F.R § 422.104 the social security Administration may assign "you" a social security number, and the term you is hyperlinked, when u click the link available it redirects you to 20 C.F.R 422.402 which defines "you" as:

"An individual who owes an [~~debt~~] debt to the United States."

[~~This by dif~~]     [Turn the Page]

Thus by virtue of the ~~having~~ such #, according to the CFR I am a debtor to the U.S and that # is a representation of such debt, and thus satisfies ~~evidence~~ the statutory definition of a "security" under ~~[15 us]~~ 15 USC 77 b(a)(1).

This aligns directly with the statutory language governing what constitutes a "sale" under the securities act. Congress expressly stated that "any" security given or delivered with ... any purchase of securities or any such thing, shall be conclusively presumed to constitute a part of the subject of such purchase and to have been offered and sold for value."  15 U.S.C 77b (a)(3)

Here the SSN - which is established as an 'evidence of indebtedness' and therefore a 'security' - was affixed to and delivered with the application

Under the statute's plain language, this alone satisfies the requirement that a security be 'given or delivered with' another item, triggering the ~~[conclusive]~~ conclusive presumption of a 'sale' under 15 USC 77b (a)(3). Accordingly the instruments delivered fall directly within the statutory language

The SSN is ~~[not]~~ not the only security given; in addition to the application with the SSN, I ~~provid~~ gave × 3 instruments: exibits 3, 4, & 5. Each of these instruments are securities.

3

Congress showed their intent for they defined security to include any note, any interest, & any instrument commonly known as a security. AS the supreme court made clear in U.S v Gonzales

" Read naturally the word "any" has an expansive meaning." [Congress did not limit the term to a par]

Congress did not limit the term to a particular kind of prommisory note, banknote, etc... rather any instrument can be construed as a note including a handwritten note or one that is typed.

Accordingly each note was delivered in addition to each other and the application & SSL meets the statutotory definition because caigress use of the word "any" eliminates the need for more specific charactristic.

Furthermore because each note was delivered in addition to the application under 15 U.S.C 77b(a)(3) when securities are "given or delivered with one another, they are "conclusively presumed to constitute a part of the subject of such purchase and to have been offered and sold for value".

The statutory presumption applies not just to the application, but to each of the 3 notes each carrying a value of $138,744 X4 = $554,976.00 as reflected in the amended complaint

4