UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENSENDRO LAGUERRE,

                Plaintiff,

        -against-

RELATED MANAGEMENT COMPANY,

                Defendant.

25-CV-5594 (LLS)

SECOND ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action against Defendant Related Management Company. By order dated October 24, 2025, the Court dismissed the complaint for lack of subject matter jurisdiction, but granted Plaintiff leave to replead his state law breach of contract claims in an amended complaint that alleged facts demonstrating that the Court has diversity of citizenship jurisdiction of such claims. (ECF 5.) Plaintiff filed an amended complaint on November 23, 2025. For the reasons set forth below, the Court dismisses the amended complaint.

## BACKGROUND

In the original complaint, Plaintiff alleged that he "entered into a contract by disposing an application/security from myself to Related Management for MIMA apartment 44M." (ECF 1, at 1.) Along with this "security," Plaintiff provided a "tender/note with accord satisfaction to the transaction as performance to the contract." (*Id.*) Plaintiff alleged that he "also extended my power of attorney to the extent that such was required to perform instructions within the tender payment." (*Id.*)

Plaintiff alleged that Defendant "refuses to carry out its fiduciary duties for me and has refused to carry out the according satisfaction within the tender payment despite the fact that

they are in receipt of multiple notices." (*Id.*) Plaintiff maintained that, as a result of Defendant's actions, he was "deprived of the benefits of the sale." (*Id.*)

By order dated October 24, 2025, the Court dismissed the complaint for lack of subject matter jurisdiction. The Court held that, although Plaintiff asserted that he was bringing a "breach of contact" claim under 15 U.S.C. § 77b(a)(3), that statute—which defines the terms "sale" or "sell" for purposes of the Securities Act of 1933—does not create a federal cause of action. (*See* ECF 5, at 4.) The Court further noted that the United States District Court for the District of Connecticut dismissed a similar claim brought by Plaintiff under the same theory, stating that Plaintiff's "assertion characterizing his application for credit as a sale of a security has no arguable basis in law." *Laguerre v. Bank of Am., N.A.*, No. 3:25-CV-0937, Dkt. 8 (D. Conn. July 15, 2025). The Court concluded that, because Plaintiff's claims do not arise under federal law, the Court lacks federal question jurisdiction of his claims.

The Court understood Plaintiff to be asserting a breach of contract claim under state law, but held that Plaintiff did not allege facts demonstrating that the Court has diversity of citizenship jurisdiction to consider his state law claims. Specifically, the Court held that Plaintiff did not demonstrate diversity of citizenship because he did not identify the citizenship of each of the partners that make up the defendant limited partnership. (*See* ECF 5, at 4-7.) The Court further held that, although Plaintiff sought either performance of the contract or $554,976 in restitution, it was unclear from the complaint how Plaintiff derived this amount or whether it was recoverable in any breach of contract claims based on his factual allegations. (*See id.*)

The Court therefore dismissed the complaint for lack of subject matter jurisdiction, but granted Plaintiff leave to replead his state law breach of contract claims in an amended complaint

2

that alleges facts demonstrating that the parties are diverse and that Plaintiff's claims are worth more than the $75,000 jurisdictional minimum.

Plaintiff's amended complaint consists of a verbatim copy of the original complaint that he annotates with several "footnotes" responding to the Court's order. (*See* ECF 6.) Plaintiff makes no attempt to address the Court's directive in the order of dismissal to allege facts demonstrating that the Court has diversity jurisdiction to consider his breach of contract claims. Plaintiff instead repeats his argument, which was previously rejected by this Court, that his claim arises under the Securities Act of 1933. First, he alleges that by assigning him a Social Security number, the Social Security Administration has placed him in debt to the United States. Thus, according to Plaintiff, he is a "debtor," his Social Security number is a "representation of such debt," and he therefore falls under the statutory definition of "security" in 15 U.S.C. § 77b(a)(1). (*See id.* at 5.) Plaintiff asserts that, because he included his Social Security number on the credit application to Defendant, the application constitutes a "sale" of a "security." (*Id.*) Second, Plaintiff asserts that, along with his application for credit, he provided three handwritten "instruments," which he also maintains are securities. The "instrument" that Plaintiff sent to Defendant, which he attached to the original complaint but not the amended complaint, states,

> I hereby accept all rights titles, and interests associated with application/application 44M. Offer sold for value receive please tender this instrument for incurred obligation. I give you my limited power of attorney to the extent that such is required to fulfill the aforementioned instruction within this tender payment. If any questions or concerns arise, please reach out within three business days after receipt of this notice. If no communication is made, then I can assume that the aforementioned instructions have been completed.

(ECF 1, at 8.)

**DISCUSSION**

**A.     Subject matter jurisdiction**

The Court dismisses the amended complaint for lack of subject matter jurisdiction. Plaintiff asserts that the Court has federal question jurisdiction of his claims because his application to Defendant for an apartment is a "security," thereby transforming his breach of contract claims into claims under the federal Securities Act. The Securities Act generally "regulates the initial offering of securities" and "was designed to provide investors with full disclosure of material information concerning public offerings of securities in commerce, to protect investors against fraud and, through the imposition of specified civil liabilities, to promote ethical standards of honesty and fair dealing." *In re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281, 299 (S.D.N.Y. 2003) (internal quotation marks and citation omitted). Nothing in the amended complaint suggests that the Securities Act is applicable to Plaintiff's allegations. Plaintiff sets forth the same arguments that this Court and the District of Connecticut have previously rejected. (*See* ECF 5, at 4); *Laguerre*, No. 3:25-CV-0937, Dkt. 8, at 7 (holding that Plaintiff's "assertion characterizing his application for credit as the sale of a security has no arguable basis in law"); *see also id.* at 6 (summarizing Plaintiff's arguments, similar to those made here, that his claims arise under the Securities Act). Because Plaintiff's allegations do not suggest a viable cause of action under federal law, the Court lacks federal question jurisdiction of this action.

The Court also lacks diversity of citizenship jurisdiction of this action for the reasons stated in the Court's October 24, 2025 order of dismissal. (*See* ECF 5, at 4-7.)

The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

4

**B.      Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    February 26, 2026
          New York, New York

_____
LOUIS L. STANTON
U.S.D.J.